694 F.2d 58
 Fed. Sec. L. Rep. P 99,002
UNITED STATES of America
v.
Edward B. BOYER, Salvatore F. Geswaldo, Donald R. Kohl, Carl
B. Benson.
Appeal of Carl B. BENSON.
 No. 82-5143.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
 Nov. 16, 1982.
Decided Nov. 29, 1982.
 
 Edgar M. Snyder, Snyder & Gainor, P.A., Pittsburgh, Pa., for appellant.
 J. Alan Johnson, U.S. Atty., Paul J. Brysh, Asst. U.S. Atty., Pittsburgh, Pa., for appellee.
 Before GIBBONS, HIGGINBOTHAM and BECKER, Circuit Judges.
 OPINION OF THE COURT
 GIBBONS, Circuit Judge.
 
 
 1
 Carl B. Benson's appeal from a judgment of sentence following his conviction for Mail Fraud and Securities Fraud presents the question, of first impression in this court, whether in prosecutions for violation of 18 U.S.C. Secs. 1341, 2 and 15 U.S.C. Secs. 77q(a) and 77x it is proper to charge that the specific intent to deceive may be found from a material misstatement of fact made with reckless disregard of the facts. We affirm.
 
 
 2
 The court instructed that reckless indifference is the equivalent of intentional misrepresentation "because you may not recklessly represent something as true which is not true even if you don't know it if the fact you don't know it is due to reckless conduct on your part." The instruction continued:
 
 
 3
 a fraudulent intent is necessary to sustain the charge of a scheme to defraud. An untrue statement or representation which is in fact false only amounts to fraud if the defendant making it either knew the statement to be false and he made it, made the statement with the intent to defraud, or, as I have said, these things were due to recklessness on his part.
 
 
 4
 The court also carefully distinguished between conduct which is reckless and conduct which is merely negligent.
 
 
 5
 Benson objected to the reference to recklessness, contending that its inclusion had the effect of reducing the specific intent required for proof of mail fraud or securities fraud. The district court rejected that contention, and we do so also.
 
 
 6
 In McLean v. Alexander, 599 F.2d 1190 (3d Cir.1979), a civil fraud case brought pursuant to Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78j(b) and Rule 10b-5, 17 C.F.R. Sec. 240.-106-5 and under the Delaware common law of fraud, we held that the scienter required to sustain a claim under Section 10(b) included misrepresentations made knowingly or wilfully, or with reckless disregard for their truth or falsity, or without a genuine belief in their truth. The reasons for that holding are set forth at length in McLean v. Alexander, supra, and need not be repeated here. The standard of proof for civil liability in fraud is lower than the proof beyond a reasonable doubt required for a criminal conviction. But there is no reason to suppose that in enacting criminal statutes prohibiting mail fraud or securities fraud the Congress intended that the substantive element of the offense--the scienter--should be different than for civil liability for fraud. We conclude, therefore, that inclusion in the charge of a reference to reckless disregard of the facts was not improper. In so ruling we join those courts of appeals which have considered the question.
 
 
 7
 See United States v. Farris, 614 F.2d 634 (9th Cir.1979), cert. denied, 447 U.S. 926, 100 S.Ct. 3022, 65 L.Ed.2d 1120 (1980); United States v. Themy, 624 F.2d 963, 965 (10th Cir.1980); United States v. Henderson, 446 F.2d 960, 966 (8th Cir.), cert. denied, 404 U.S. 991, 92 S.Ct. 536, 30 L.Ed.2d 543 (1971); United States v. Frick, 588 F.2d 531, 536 (5th Cir.), cert. denied, 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 385 (1979). Cf. United States v. Hanlon, 548 F.2d 1096, 1101 (2d Cir.1977).
 
 
 8
 Benson also contends that the court erred in charging that "[n]o amount of honest belief that the enterprise would ultimately make money can justify baseless, false or reckless misrepresentations or promises." Such an instruction was approved in United States v. Habel, 613 F.2d 1321, 1328 (5th Cir.), cert. denied, 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980). We hold that on this record it was appropriate. Finally Benson contends that the trial court abused its discretion under Fed.R.Evid. 403 in limiting cross-examination of two government witnesses. That contention, considering the extensive cross-examination which was permitted, is on this record meritless.
 
 
 9
 The judgment appealed from will be affirmed.